May I please report? Stephanie Grace of Latham & Watkins on behalf of Appellant Quintin Morris. May I just ask you, is this an Innocence Project case? Correct. And is that an Innocence Project at a particular university? Yes. So this case was... We won't take this out of your time. No, no. So the California Innocence Project at California Western School of Law initially identified this case for review and has participated in assisting us. There are actually some students in the courtroom today from California Western. And in addition, we have an amicus brief from the Innocence Project, which is a distinct organization. What organization is that? That's the National Innocence Project, whereas California Western, my understanding is they're the California Innocence Project. And so the amicus brief is from the National Innocence Project? Correct. And you're from Latham & Watkins? Yes. And what happens is you affirm that you had another volunteer to help in this case? Exactly. Okay. Mr. Morris is an innocent man. For that reason, his imprisonment violates the United States Constitution. How do we determine, for purposes of your claim, whether he's an innocent man? Let me just run through what I understand about the case, because I find the case troubling. But he was identified as the person who committed the crime by an eyewitness. Eyewitness testimony may or may not be reliable, but for Jackson purposes, it's sufficient to get the case to the jury, right? I'm not sure under the Jackson theory. Well, you're not making a Jackson claim here. Correct. You made a Jackson claim the first time through. It was rejected. But there's no case law anywhere that says that somebody can't be convicted simply on the basis of eyewitness testimony. As a general principle, I would agree with that. Okay. So your claim of innocence is based on both the unreliability, in general, of eyewitness testimony and Mr. Holt's testimony. I think that's part of what we're relying on. Well, what else are you relying on? Well, we are relying on the findings of the original trial judge. Well, that's good, because I want to focus on that. The original trial judge, I read his findings, and I think he was a really good judge. I think what he said was, I watched this trial. I wasn't sure this guy was guilty. I don't believe Mr. Holt. He's not credible. He has nothing to lose. He's serving a long sentence. He was impeached very much during his testimony, but I'd really like to take a second shot at this one. That's what I read the trial judge as saying. He doesn't even come close to saying that he finds Holt credible. He says, Holt's a three-time loser. He's got nothing to lose. He was impeached. I don't find anything that he said very credible, but I'm a justice guy. I mean, it's what a judge should do. I'm a justice guy. I think you ought to get a second shot at this. And the California Court of Appeals says, maybe you could have done that on a motion for a new trial, but this is too late. You can't do it now. So, I'm having trouble if we go back and look at the only person that's made findings, finding that those findings are favorable to you. Tell me why they're favorable to you. I disagree with your characterization of what Judge Haas found. Tell me what he found. Tell me where in the record he found Mr. Holt credible. He found that the new evidence, coupled with the very thinness... Might have led the jury to read a different result. Pointed unerringly towards innocence. Did he say pointed unerringly towards innocence? Yes. If believed. No, he found that the new evidence did point unerringly towards innocence. That's the California state law standard on which he reversed the conviction. That's his bottom line holding. So, is the California state law standard the same as the federal one?  Greater or lesser? Different. Well, greater or lesser. In other words, do you have to show more to prove actual innocence under the federal? If there is a federal one, we'll get to that later. I think the state court standard is higher in some ways. As it's been interpreted by the California state courts, particularly in this case, the new evidence needs to actively undercut the original case. And so, one of the reasons that the state court of appeal reinstated the conviction was because under that state law standard, which is different and which this court has recognized is different, the third party confession didn't do anything to take away from the purported identification. And if I can just ask another question and I'll let you proceed. Did you make a federal actual innocence claim in state court? Yes. Where did you make that? So, we went back, I believe it was in 2009, after the California Innocence Project got involved, and we went back to state court to exhaust the Herrera claim, which had not been brought the first time around. Well, I've read your briefs both in California and in this habeas. And in the California case, I don't see a Herrera claim. What I see is a mention of actual innocence, but when I get to the actual innocence part of the petition, there's no federal citations. And I was not clear whether you were just simply reasserting a California claim or the federal claim. You think you were asserting the federal claim? Absolutely. So, if you were turned down by California the second time, and this may not have anything to do with the procedural aspects of this case, what is the last recent state court decision that we're looking at? I think on the innocence claim, it would be the California Court of Appeal decision. Okay. Which found Mr. Holt's renewed declaration not credible. I'm not sure that it made a factual finding, and I'm not sure that it could have. Well, it said on its face it wasn't enough to raise a claim of actual innocence. As a legal matter, the conclusion of this state court of appeal when we went back to exhaust the Herrera claim pointed out inconsistencies. We would contend minor inconsistencies under this court's precedent wouldn't rise to the level of discrediting an actual innocence claim. So, if you were to proceed in district court, a district court would be trying to decide whether the California Court of Appeal determination the second time was unreasonable? I'm not sure this court has contemplated whether a Herrera claim would be, whether you would give the state court deference in a Herrera claim because it's an ongoing constitutional violation that the federal courts of the arbiters, the final arbiters have. So, there'd be no Edba deference? It's not clear to me that there would be Edba deference. Or follow Edba procedures? For example, seek permission to file a second and successive petition? Correct. It's not clear to me that constitutionally there could, that Congress could require Edba deference. We haven't really had a case in which anybody said how to proceed with an actual innocence claim. No court has reached it and found it to be met, that threshold that is not showing. But on the merits, not on the procedure. The courts have said X is not enough to show actual innocence. But no one has said, if you have a valid, what might be a valid actual innocence claim, here's how you go about proving it. Whether you need to get the permission of the Court of Appeals or not, whether you have to give deference to the state court or not, whether you even have to exhaust or not. Correct. However, we may never have, but didn't Davis really give us a way to deal with that? Because in Davis, the Supreme Court took the case themselves, which was outside of all this at this time, and all of the second or successive. They seemed to think they were not bound by any of it and took Davis. So why don't you go to them? Why are you in here beating up us? I think that… I mean, my worry is that you do have a precedent for what you do when you can't make a second or successive. It's Davis. I'm not sure that's right. Well, why not? Well, so the mere fact that an original habeas petition is one avenue through which a petitioner can seek relief does not suggest to me, and there's nothing in Davis that suggests that that's the only way that an actual innocent… Can Congress construct, and this is getting beyond the briefs, but I'm trying to figure out how one of these claims proceeds, and particularly one of these claims that rests on the credibility of a witness. And can Congress say, look, even if you have a… even if there is a constitutional action on this claim, we want you to take it through the state courts, litigate it. We want the federal courts to give deference to the state court's findings, both legal and factual. And if it's your second one, once you've got one good shot at it through the federal courts, that's all you get. Can Congress do that? I think there's different components that may have different requirements in what you're saying. What you're saying is that Congress cannot restrict the writ in such a way that precludes you from coming directly to federal court with an actual innocence claim with no deference to state court findings? So I'm separating two things that I think I hear in your question. One is, could Congress require us to give deference? Well, on the face of it, it does. Right. Well, as applied to this type of case. Yeah, on the face of it, it doesn't make any distinction between constitutional claims. It just says, if you have a constitutional claim, you bring it to state court. Don't worry about your time. Well, you've seen us. So don't try to answer it. Have you been here all morning? No, we go over. You can answer, and we'll still give you plenty of time to make your argument. Congress says, when you have a constitutional claim, whatever kind of claim, whether it's actual innocence or otherwise, we're not going to define what constitutional claims are. You go to the state court, you exhaust, you then come to the federal court, and the federal court reviews on the record. We know that from pinholster, except if in circumstances not apparent here. And once you've done that once, you can't come back a second time unless you've got certain aspects to your case about newly discovered evidence, which you, candidly admit, you don't have. Why can't Congress set up that scheme? If somebody affirmatively proves that he is probably innocent, then his continued imprisonment is an ongoing constitutional violation. To be sure. And there are many ongoing constitutional violations. Why can't Congress set... That's the whole purpose of it. Yeah. I think the other claims, where somebody's guilty but suffered an infirmity in the way that the conviction was obtained, those are constitutional violations that have happened in the past. But he's guilty. So under your view then, you can continue to bring the case, the same case, it's like Groundhog Day, over and over and over again because it's an ongoing violation. Can't Congress say, look, we'll give you a fair shot at this, and if you've got something new, we'll give you another shot at it. But if you don't have something new, you only get one shot. That's my question. I think that is a distinction without a difference because you can still bring a repetitive claim and the court denies it as repetitive and the court needs to look at it and say, this is the same claim you brought before and therefore we're denying it as repetitive or it's the same claim you brought before. The first one wasn't meritorious and so this one's not either. But what you're saying is a court must address on the merits repeated claims of actual innocence. It can turn them down when it says, I've decided this once and you haven't presented anything new. But it can't be precluded from considering repeated claims of actual innocence on the same evidence. I guess I'm not sure what the distinction would be between denying it as bringing the exact same case without new evidence on the merits or denying it. Well, here, get back to your case. You bring up federal habeas, and I read it, and it says eyewitness identification is bad, you cite the articles, and you say, and Mr. Holt is now ready to testify that he did it. And you litigate that federal habeas and you lose. Comes up here and we affirm Supreme Court denies cert. You come back again to the district court and you say, I've got a federal habeas. And the district court denies you for a procedural reason. But I'm getting you through that procedural hurdle for a second. You come back to the district court this time and say, I have a federal habeas. It's not based on anything I couldn't have discovered back then. And it's by and large the same evidence. It's Mr. Holt. Now we have somebody who says Mr. Holt said this to him once before, but it's essentially Mr. Holt that's your critical witness. And the state court says there's not much new here. And you come into federal court, and the federal court, in your view, has to hear the case de novo without giving. See, that's my problem. You're bringing the same case the second time, aren't you? No, we do not. Good question. I mean, this is the troublesome part of this problem with Mr. Holt. You know, if you bring it to Mr. Holt and he just told somebody else, the court's going to say, well, that's not very persuasive. If you'd had him under cross-examination or if you'd had a declaration under oath or something, we might have taken that seriously. Now, if you bring it the first time, you're going to lose on that. But then you get him under cross-examination, and they say, aha, there's nothing new about it. He told you before. I don't know which way you go with that. If we say it's not new because you didn't bring it, you could have brought it the first time, but you'd lose the first time because all you have is him telling somebody. But he was cross-examined the first time, right? There was an evidentiary hearing in front of the trial judge. Correct. He had been. After his first declaration in 1995. Right. Correct. Then there was an evidentiary hearing, and now you have an additional declaration from Mr. Holt. There's a new declaration now, yes. Right, after he was able to name his accomplice the night that the shooting occurred. He did submit a new declaration. But our position is not resting on the existence of any new evidence. Maybe the answer to my question is yes, and that's okay if that's your position. But your position seems to be we don't have to have any new evidence. As long as we have what we think is a credible claim of actual innocence, the fact that a court turned us down once and we don't have any new evidence doesn't make any difference. We get to bring it again, right? Not that you get to bring it again, but if you do, in fact, I disagree. We did not bring an actual innocence claim in the first habeas petition. The first habeas petition alleged a due process violation that the state court misapplied its own state court standard for new evidence that points unerringly towards innocence, and we also brought a claim that Mr. Morris should have been able to perform a stocking mask demonstration in the courtroom and that the denial of his ability to do that deprived him of a fair trial. So you didn't bring a federal actual innocence claim the first time and you did the second? Absolutely. We affirmatively disavowed. Why did you affirmatively disavow an actual innocence claim? I'm not sure why it was disavowed. Probably because it was not in our opening brief. I don't know. I wasn't briefing you at that time. At that time, the state came back in their answering brief and said to the extent that they're raising an actual innocence claim, it's not cognizable, it's problematic, yada, yada, yada. And in our traverse, Yada, yada, yada? They didn't say yada, yada. This isn't Seinfeld. We don't have to use words here. I'm sorry. In the traverse, Mr. Morris disavowed any reliance on actual innocence and said the state is mischaracterizing my petition. It's not raising actual innocence. Well, I'm looking at your first petition. It says newly discovered evidence undermines the prosecution's entire case. Isn't that the standard for California actual innocence? Correct. So the argument was that the state court misapplied state court law in reversing Judge Hoff's reversal, which was a depression. Well, I'm looking at the petition. But it says newly discovered evidence undermines the prosecution's entire case. Why isn't that an actual innocence argument? I think if you go to what the petition and the memorandum in full say, it would not be sufficient to raise an actual innocence claim. There was no citation to Herrera. There was no suggestion anywhere in the federal petition that he was attempting to bring an actual innocence claim. In your second petition, I'm looking now at the federal habeas, the current one in front of us, where's the Herrera argument? In the current federal petition? Yeah. I'm sorry, in the state one. I meant the state one. In the state petition, your last state petition, where's the Herrera argument? I mean, I think that was... I don't see one. Okay. I mean, we can look later. So if the first one didn't raise an actual innocence claim because you didn't cite to Herrera and make the argument, why does the second one make a federal actual innocence claim? I'm not familiar enough with it off the cuff to tell you where it is. I know it was our intent to exhaust, and the state does not dispute in its briefs, nor has it ever, that we've exhausted this actual innocence claim by going back to state court a second time. That was the purpose of the California Innocence Project, which is an innocence organization. Has the state waived an exhaustion requirement? I believe that they have. Under the statute, they have to do it in writing. They have to expressly waive it. Have they done it in writing? They'll have an opportunity to. We can ask the state. And we can give them a piece of paper if you want to waive it. I think for the purposes of appeal, they've waived the argument by not putting it in... not only not addressing it in their answering brief, but have conceded, affirmatively conceded in their... My difficulty is we have, in AEDPA, an express provision that says we can't find waiver from the state's failure to assert it. The state has to tell us that they... So we'd have to decide whether that applies. So that's another part of that input that you'd have to get out of if you wanted to... Well, I disagree that we'd have to get out of it because I think that we've met it. But if we did have to get out of it, then I think that would be an argument in the alternative, yes. So again, let's get back to the question that troubles all of us, I think. How do we deal with actual innocence claims? You've gone through state court. Your position is you've exhausted it and you've lost. The statute tells us that we only hear successive petitions under certain circumstances. You agree this isn't one of them. You say, but this is an actual innocence claim and the violation is therefore ongoing. Does that mean... So you're out from under the second successive petition statute, in your view? Yes. What other parts of AEDPA are you out from, in your view? You're out of 2544B. You're out of the part that says, I don't have to seek permission. Is this a sui generis claim? And if so, how do we determine whether your claim rises to that level other than the fact that you assert it? Right. So I think that the only decision this court has to make is whether the second and successive petition would apply in a case of a demonstration where he already has the proof, where we're not asking for an evidentiary hearing, we're not asking for discovery, we're not saying the mere assertion or claim that you're innocent is enough. Here's the difficulty. You've got the proof. There's a record. It might convince me if I was the finder of fact, but a state court has been through it and has said it doesn't demonstrate actual innocence. So what do we do? What more do you have to... In other words, what kind of showing do you have to make for us to do all these extraordinary things you're asking us to do for you? So, and I guess to jump a little bit back to your first question, I think it's a different question whether Congress can prolong or can delay the release... That's a constitutional question. ...by forcing exhaustion. So I think exhaustion is in a different category than somebody who would be absolutely foreclosed because it's never going to be his first petition again. It's not like, where's exhaustion? He could go back and exhaust. So I think... Well, let's assume you've exhausted. You've done everything appropriate in state court. Right. And now you come to federal court and you say, and I don't know the answer to this. This is why I'm asking the question. I've got a special type of claim. There's an ongoing constitutional violation, and I want you to waive all the rules that might otherwise apply to my claim. And my question is, what kind of showing do you have to make to us to say, you're right, no rules apply to you, we're going to do something different? Right. And so it's an extraordinarily high standard, which Justice Blackmun has described in his dissent in Herrera, and this court in Carriager articulated what that showing might be. And Justice Rehnquist's majority opinion probably is the one, if there is an actual innocent claim, that describes the burdens you have to get through, right? And the language from Justice Rehnquist's opinion is an extraordinarily high showing. And what this court in Bank in Carriager interpreted Justice Rehnquist's majority ruling of extraordinary high standards mean is affirmative proof that the petitioner is actually innocent. So we see two prongs to that. The first is something affirmative, not merely cutting down what was at trial or questioning what already happened. And Mr. Holt is your affirmative proof. Correct. And then the second half is, is he probably innocent? So it's higher than what exists in 2244B. It's higher than the Schlupf gateway. It's obviously higher than a Jackson claim. It's not about, under a reasonable doubt standard, would a reasonable jury? It's just taking the evidence as a whole, new evidence, old evidence, whether it be admitted at trial or not, looking at the entirety of the case and saying, under a preponderance standard, is he probably affirmatively innocent? And that comes directly from the case. How do we make that determination? We don't have a factual hearing because you say you're not seeking one. Right. So it's based on the evidence in the record. Can you go directly to the district court? Is that what you're saying? And then the district court makes that determination? I think the district court has the discretion to hold an evidentiary hearing if it believes it would aid him in determining the case. No, I think Judge Reinhart, I was talking about Justice Reinhart, and I never confuse the two. They're both great jurors, but maybe one wouldn't want to be there. I'm asking a different question. What you're saying is, I'm asking, you've got to make a threshold showing to get you out of all the AEDPA requirements because otherwise everybody who showed up with a new witness that said, no, no, I did it or he's innocent, would get out of AEDPA. And so the question is, somebody has to determine that because the normal route is to come to us and say, I want permission to file a second excessive petition, and the panel looks at it and says, does it meet AEDPA requirements? You're saying, I don't need to do that. I can go right to the district court and avoid many AEDPA requirements. We haven't run through all of them yet. So my question is, what do you have to have in your case? And who makes that determination? The district judge? Yes. Typically in the first instance it would be the district judge, and it's the outcome of this type of situation that's unconstitutional. So it's the prolonged imprisonment of somebody who has affirmatively proved that they are more likely than not innocent. So you go to the district court and you say you have to make a threshold finding? I don't think it's a threshold finding. Do you get a whole hearing on this question? No. I mean, the judge doesn't need to have the hearing. The judge can decide it on your papers, whether the evidence you've submitted with your papers meets the extraordinarily high threshold. Okay. Either way. If you go to the district court and say, I've got one of these cases, and then the district court says, no, you don't, I've looked at your papers and you don't make out an act of innocence. So the only issue for us here in this case is to say, should the district court look at this rather than the court of appeals? I think that's fair. So don't we have to decide then on the papers and the record? Under your theory of the case, I'm not talking about the government's theory or the state's theory. Under your theory of the case, we have to decide whether you've made out a sufficient claim of actual innocence to excuse you from all the other. I'm not sure. I think it's less than that. The district court didn't decide it. The district court said, I have no statutory authority to hear this case absent permission. And the district court was plainly correct in saying that on the statute. You're saying, oh, but district court, you should have looked at my case and said, this is one of those that falls outside the statute. Or doesn't. Or doesn't. Or doesn't. And so now you're up here saying the district court erred because it didn't recognize that this is one of those cases that falls outside the statute. Or doesn't. Or doesn't. Or doesn't. And that's right. And so what we're saying, what I'm saying is, don't you have to convince us this is one of those cases in order for us to tell the district court to ignore the statute? So I think that, I'm not sure. I think you could establish the general principle that if somebody, if a petitioner goes to district court and has affirmatively demonstrated probable innocence on the evidence that he already has and submits, that the district court can decide that. It might be the answer. If you say this is one of those claims. You go to the district court and it decides whether it's one of those claims. Exactly. I mean, that's, I'm not saying that is the answer. I'm saying that seems to me. To be your argument. Can we decide this isn't one of those claims? We'll be looking at the same, the same record that the district court would be looking at. Of course. So you could resolve this case by finding he hasn't made the extraordinarily high showing of Herrera and denying on that. And in fact, we have resolved a lot of cases in that way. I mean, leave you Lampert, you guys, you, the judges decided the principle that somebody who files more than a year late would be excused if he was actually innocent, but then went on to find that Mr. Lee himself is not innocent. So you could do it either way. But so I'm still back to the question. I think you've answered it, but I want to be sure your view is that when one of these claims is presented to a district judge, the district judge outside of the second successive petition one, put that aside for a second, does a screening and says, This is either a good enough claim so that you get outside of that book or it's not. And the screening is based is a determination of what tell me in shorthand. The screening is also the standard for relief on the merit. Right. So it's so, so that doesn't that mean that you get to ask for relief on the merits every time you make a second, it's excessive claim that doesn't meet the state, the requirements, as long as your claim is for the actual innocence. You can always make the claim, whether it's denied because it's repetitive or denied, because it's not merit, not meritorious. I'm not asking you to apologize for your position. Your position is, if you make an actual innocence claim, you go directly to the district court, no matter how many times you filed it before the district court can turn you down by saying, this is nothing new. The district court can turn you down by saying what you've got, what little you've got new is not very good. But if you make an actual innocence claim, it's out, you take it outside the context. You go directly to a district judge who has to determine whether it's a good enough claim to proceed with. And in general, I would distinguish between an actual innocence claim, which I don't think the judge necessarily needs to hear on the merits and a truly persuasive demonstration of, well, but what the judge has to determine in your view is whether you've made a true, right. Somebody's got to determine it. And the question is, does the court of appeals determine it or the district? You've got the same problem. In the typical case. Okay. So, sorry. I mean, if, if, if the fact that there is such a thing as an actual innocence exception, and if it avoids the SBIT statute unsuccessfully, then you've got to either get that determination in the court of appeals or the district court. And as judge Smith said, normally the courts have avoided that question by just saying, well, it's not an actual, a valid, actual innocence claim. And so we've done it when you bring it to us on that, we've avoided the issue of where it should be by making that determination. Now, I don't know if you're asking us to say, it seemed to me that was one of the things you're asking, but I'm not quite sure exactly what we're being asked. Are you asking that the initial determination should be made in the district court rather than the court of appeals? Just, I guess a question on the question, do you, as a general procedural matter? No, in this case for your client. So in, in this case, I, we're asking that the district court be allowed to proceed with our. And there's a statutory procedure for that. When you file a second or successive petition, you're supposed to come to the court of appeals and ask for permission to file it. And you didn't, in this case, right now, he's now seeking permission to file it. So we believe we're constitutionally exempt and it doesn't make sense. That's a different answer. So you're not seeking our permission, but in the alternative, so we have an alternative. We've said, if you think that the proper procedure generally should be that you go to the ninth circuit first, then you have this actual innocence, you know, reason that you're allowed to bring a second petition. And if, if it's the judge's opinion that it needs to go to the ninth circuit first, then we, but I'm asking what, what is it in the constitution that exempts you from following the procedural aspects of the statute? The statute just says, file it in the court of appeals. And then you can get it under certain conditions. You get it under certain conditions. You may lose, but you have a procedural requirement to file. You can't file it in the district court under the statute either. So that section doesn't provide for actual innocence. Right. Can't we. So that's my question. Are you exempt from the whole section or just the part that has requirements? We believe that we are exempt from going to the ninth circuit at all, because the language of the statute says that you guys can grant the certificate of allowing to proceed only if we meet the subsection. But you claim that subsection is unconstitutional with respect to you. So I'm asking a much narrower question. Do we have to throw out the whole, do we have to throw out the baby with the bathwater here? We have a procedural part of the statute that says, come to us. We have a substance of part of the statute that says, this is what you have to show us. There's no part in the statute at all that allows you to go to the district court under these circumstances. So my question is, why shouldn't we say when you have one of these claims, you got to come to us. It may be unconstitutional for us to apply B1 and B2 to it. We'll put that aside. That's your argument. But you got, but procedurally, you got to follow the statute at least in some respects. I don't understand the argument that the whole statute goes out the window. I think you could. And I mean, this is sort of a question of if one part of the statute is found unconstitutional, does the other parts still make sense? What would Congress have wanted? Would Congress have wanted these types of claims to go to the ninth circuit first for approval? I'm worried about the poor district judge here. So you go to the district judge. You go to the poor district judge and he says, or she says, I looked at the statute. You can't file this here. And you're saying, well, ignore the statute because I have a really good claim. And I'm saying, if you, if we ignore that part of the statute, because you have a really good claim, we still might follow the part of the statute where you come to us and say, I've got a really good. You could. I'm having a tough time finding your jurisdiction. Right. That gets back to the question I asked you before. By the statute, I'm having a tough time finding how you find jurisdiction in the district court. So that's why I think their questions are pretty important. I sit over here to listen and hear what they're saying, but I honest truth is, unless you follow the statute, you've got no jurisdiction to get to district court. See, the broader question I asked before is the question judge Smith is just chief justice. And the question I asked was,    And the reason is, is because the Marshall said, God, back in 1804, that the scope of the habeas right is as Congress defines it. The actual innocence cases have danced around that over the years. It's courts never had to decide it because it's always said we don't find enough in this case, but I guess my end question, I'm not trying to know the right answer to it is, can Congress just say, I'll set up a scheme where you don't get a second shot at it, unless you have certain prerequisites met? Henry Hart would say, no, Justice Marshall, Chief Justice Marshall said, yes, I have no idea what this Supreme Court would say, but that's the problem that that's the problem because you're arguing, I get outside the statute because I'm special. The statute doesn't say that. And so we'd either have to find that the statute was unconstitutional to the extent it said that. And problem with that is, I think the accepted law is that Congress gets to define the scope of the habeas writ, at least as the state prisoners, maybe not as the federal executive detainees, except that's the argument, except that's the actual innocence. And so we've got to buy the argument that the, that Congress doesn't get to define the limits of the writ when there's actual innocence. At least, at least, and to narrow it, at least when it comes to an actually innocent petitioner who has never brought an actual innocence claim before. I mean, at least in that narrow circumstance, maybe not somebody that waited, you know, I mean, as far as the other provisions are concerned, they're not at issue here. And so, you know, maybe Congress can say, you do have to go. No matter what Congress says, you get one actual innocence claim in federal court. Yes. I think that was, and what, where do you get that? What, what's the constitutional basis for that argument? That the continued imprisonment of an actually innocent prisoner violates the constitution and that the federal courts should not be forced to condone an ongoing constitutional violation. But then the assumption is that we, we have to be available every time there's an ongoing constitutional violation. But if there's, I'd love that assumption, but you've got to make it, don't you? Yes. They're, they're always available, but if you bring the exact federal courts are always available for an ongoing constitutional violation, even if, even if it doesn't meet the statutory requirements, right. And ongoing constitutional violation of actual innocence. I mean, just to make sure that it's, it's helpful if they continue to deny him kosher meals. I don't know if that, if there would be an exception to keep bringing your claims or not. I hope you do know that, that's no exception for kosher meals. That's, that's interesting that I'm, I was nearly pointing out an area that I didn't know what the law would be, which I've demonstrated. I don't know. Well, I'm a little worried about one argument that you made, which I guess I don't understand exactly. You do claim your argument is, if you had to go through the second or second, excessive procedure, you couldn't make it, right? Correct. Oh, even though you haven't made your actual instance claim ever before, which is your argument, you still couldn't get through the second or successive. Well, I think the standard for second and second and successive procedure, we would meet one prong, which is showing that you're that no reasonable juror. I just want to make sure you don't have to tell me why, but I just don't want to, it doesn't seem to me that you could make it through. I just want to make sure. Yeah. I don't think I mean, your argument is a little nuanced today that you've never made this claim before. And so on that point, can I go back to the 2000 decision of the district magistrate judge, which the district court accepted, as I recall, he deals with an actual innocence claim. Right. Your view is we'd never raised it. He just, this was freelancing or. This was judicial fiat addressing a claim that we never made in our brief. But we have a finding by the district court on this. It wasn't never set aside, right? It was not. When the case came up to us the first time, you just didn't assert an actual innocence claim on appeal. Just like we hadn't raised it below. Correct. Okay. I'm trying to, because I haven't read your appellate briefs. I'm, I've just read the, in the other cases, I've just read the decisions made by the court. Right. So I don't think that a prisoner can forever be foreclosed from bringing even one actual innocence claim because the judge addressed it, even though it wasn't raised in the briefing. I, you know, I think at a high level, stepping back from the procedural issues, the constitution prevents the imprisonment, the prolonged, continued imprisonment of somebody that can affirmatively prove that they're actually innocent. And this is a standard that the ninth circuit has developed and talked about and what it means and what that showing would be. The continued imprisonment of the innocent is a consciously abhorrent event. And it doesn't matter if you wait until your second petition or your third, or you have new evidence, but it couldn't have been, you could have, you know, second guessing, found it sooner, or you could have exercised more diligence. It just doesn't matter. And this court, well, then depends on the peak, depending on your argument, I guess, even though you may have made an actual instance claim the first time, if you have a second one and it doesn't matter from whence it comes, you ought to be able to pursue it anyway. Yeah, I think so. It doesn't matter whether you had an actual instance claim before you didn't. I think so. We're not, you're not really bound by the fact you did, or you didn't what you're saying. Every time you come up with a new actual instance claim, federal court has got to put you in district court to litigate. The court does not need to put you in district court to litigate. What, there needs to be a determination on the plea. Right. There needs to be a decision made. No hearing, no litigation, no discovery, no entitlement to an evidentiary hearing, but just on the papers presented before the judge, a determination needs to be made as to whether an actually innocent person is serving life in prison for something he didn't commit. And in Levy-Lampert, the court and bank, you know, decided that Edson's one year statute of limitations didn't apply in part because grave constitutional concerns would be raised under the doctrine of constitutional avoidance. Even if there was no diligence, the prisoner for no reason at all, no good cause didn't fit under any of the exceptions, just waited too long to file his first federal habeas petition. And this court found that there would be grave constitutional concerns raised because at a very high level, the imprisonment of the innocent violates our constitution. So that's the relief that we're seeking here. There's no further questions. Thank you. Thanks. I just have one question. Although you answered Judge Smith's question by saying he could come back every other week, you're only asking, in this case, for one time, the first time you're sitting actually innocent. Absolutely. And whether that would necessarily mean in another case, you could make the same argument for the sixth time is not a question we have to decide. Correct. And if there's vexatious litigants or res judicata principles or frivolous claims that a court can make to restrict somebody that's truly abusing the guilty over and over again, that's not the situation. That's right. Let me go back to the first. You almost got away, but I'm not going to come back to the trial judge's determination the first time. And I'm looking at ER two 23 and the judge describes Mr. Holt and says, basically his credibility was undermined. He was cross examination. If Mr. Holt's testimony were to be considered in this matter, the call would be very easy, but there is none. There's more. This hearing is not to determine if Quentin Morris is innocent or guilty. The purpose of the hearing is to see if he got a fair trial and was properly convicted to consider any possible new evidence. So how do you claim that the judge made a determination of actual innocence at the first time through? Didn't he disclaim making a determination of actual innocence? He did not. He said, this is not about whether he's innocent or not. I'm worried about whether he got a fair trial. If all I had, if the only thing new in this case, if the only thing that was bothersome in this case was Holt's testimony, I would turn this down. I don't believe him, but I think this was a case in which your client may not have gotten a fair trial. And so I'm going to give you another shot. Isn't that exactly what the judge said? You said before that he, you know, that he found, I was surprised by the jury verdict. That's true. And I'm, I'm, I'm worrying in this case, whether or not the guy's innocent, but he doesn't make a finding of innocence, does he? He does make a finding that the new evidence, coupled with the very thinness of the original case, points unerringly towards innocence. Strongly points to a different jury verdict. Where does he say unerringly points towards innocence? That is the state law standard under which he reversed. I know, but did he say that? I mean, I know in his declaration, which is ER. Yeah, that's, but that's, that's something later. He didn't make the declaration at the time of the ruling. The ruling, he said, the testimony points strongly to a jury returning a not guilty verdict. If they're exposed to this evidence, a different result might've been made. Isn't that a state law 13th juror stuff? Because he, he says, I don't believe hold his, he's, he's got serving three life sentences. He's got nothing to lose. He's, he's, he has inconsistencies. The jury, the defense, the prosecutor undermined his credibility, but all that aside, he says, put a whole lot of the question. I was bothered by the verdict in this case. The first time I'm a good trial judge, and I kind of think he ought to get another shot. Why isn't that what state judge said? I don't think, I don't think that's what he said. I think he found that the new evidence pointed unerringly. Tell me, tell me where he found that. I, well, you can, we don't get back up and tell me where he found it because I, I don't see him finding it. And on top of that, I'd point out that the standard for a rare claim, you look at all the evidence, but then when it goes up to the court of appeals, the court of appeals says, look, you know, procedurally, you've got a problem here. And to the extent you're making an innocence claim, it doesn't meet the California standard, which you tell us is higher than the federal standard. It's different. Different. Higher in some ways. Yeah, but so I'm, I'm trying to find where, where we have in this record, some judicial officer telling us that your claim of actual innocence is whatever, whatever the standard is. So I, I guess, first of all, I don't think that that would be necessary to resolve this case. I think that it's the federal judiciary's job to look at all of the evidence, including judge hot subsequent declaration without regard to whether it's admissible and determine whether on the evidence presented there's affirmative proof that he's probably innocent. So it's not a matter of, of looking at evidence in isolation, which this court has said is not the job to pick apart the new evidence piece by piece. And so in a way, To the extent that that's one possible reading, Well, I'm just reading the words. He said, I'm not, I'm not, I'm asking you to let him interpret. Then I'm just asking you, are there different words that he said, where he said, I find that this meets the California standard for actual innocence, other than in his later declaration. Did he say that under any section? He was supplying a section. He did say that. I think it might be useful if I have an opportunity. Sure. Sure. Because as I say, my reading of it, and I think he's a terrific trial judge was probably did this too late. He said, you know, this bothered me at the beginning. And I, I didn't do anything. You brought some new evidence. I don't put much stock in that new evidence. He said to guys serving three life sentences, he was undermined on cross examination, but it gives me an opportunity to undo what I thought was an injustice. So if he thought you were actually innocent, wouldn't he have, wouldn't he have thrown out? Wouldn't he have just said, you can't be charged. He said, don't try him again. I think, I think he did. He had reservations about Mr. Holt's testimony. There's no question about that, but I think what he was saying in the passages that you read are standing on its own. I don't think it would be enough to grant him a new trial, but that's not the test that I'm. He granted a new trial. See, if the judge found you were the founder, Mr. Holt, I keep saying you, Mr. Mr. Morris was actually innocent. Wouldn't he have freed him? But that claim wasn't raised at that time in the new trial motion in the, in the first state petition that this evidence. Okay. And that's fair. If it was no claim of actual innocence was raised, how are you going to tell you? Do you tell me that the judge found that he was actually, actually innocent? So I'm not, I, I'm not contesting that judge hop ever said I'm applying Herrera. I'm looking at this and I think that he is innocent. No. And then now I'm saying you didn't ask him to find that. Now show me where, other than his declaration filed later, he said at the time, I've looked at all this. And now I'm convinced your guy is actually innocent. And you'll have time to sit down. I don't, I don't think he did. Okay. But I'm not sure that that's determinative. But because your position is in these kinds of cases, we don't pay attention to what the state court did. I think. I'm not sure that the right standard is that we don't pay attention. Normally in habeas cases, we review the last reason state court decision under some basis, whether it's deferentially or de novo. And I think what you're saying is we don't, you're, that rule doesn't apply to actual innocence claims. I think in, in a case where somebody affirmatively proved that they're actually innocent, such that they're at a de novo, just facts existing in the world way, a federal court finds that their continued imprisonment is in violation of the constitution. I think it would be tough to have a law that said, yes, we believe that your imprisonment continues to violate the constitution, but the state court decision wasn't clearly contrary, erroneous establishment of the facts. And therefore you get to sit in prison. We've taken terrible advantage of you on time. Let me take one more question to take more advantage of you. If the, if the claim is rests on the credibility of witnesses, which this case does into a large extent, it rests on the credibility of the eyewitness and the credibility of Mr. Holt. Does the federal court under your construct hold an evidentiary hearing to determine the credibility of those witnesses or does it rely on the state court to do that? I think the district court has the discretion to hold an evidentiary hearing. If he believes it would aid in his decision, I don't assume somebody comes in and says, I did it. He didn't. The state court holds a hearing and make the facts slightly different. The state court holds a hearing at this trial judge says, I don't believe him. He's a three time loser. And his story doesn't make any sense. So I reject your actual innocence claim. You're litigating at your state court. Court of appeals says plenty of evidence for that. We affirm you come to federal court and you say, but this witness is credible. Judge judge district judge is the district judge held a hearing to determine whether the witness is credible. He can, or if you believe must be under your circumstance, he doesn't have, if he doesn't have to, then he must be giving deference to the state court determination. Not so he could look at the credibility determination of the state court judge who held the hearing and say, this type of evidence wasn't important enough. Or if you, you can't change my hypothetical hypothetical is that the, that the guy comes in and says, I Reinhart didn't do it. I did it. That's pretty important. Yeah. Pretty important. And then he's got, and he says, I was there that day and he testifies and, and it's it on its face credible. So on its face, it looks like it's, it's actual instance evidence. And the trial judge says it's on its face credible, but I don't believe you for various reasons. What does the federal court do in that circumstance? The federal court sees the judges interpretation of the demeanor evidence, the credibility determination as one piece of evidence that the federal judge can use in evaluating whether the totality of the evidence shows that the prisoner is more likely than not innocent. So it's just the totality of the evidence circumstance. I guess, I guess your argument has to be that you're entitled to put on that witness again in front of the federal judge. No, I think the question of whether somebody who has already affirmatively proved it is entitled to constitutional relief is a different question from whether somebody who believes they could prove it through additional hearing. Okay. Constitutional relief. Thank you. Before you go down for quick. Okay. Good morning. May it please the court. Almost afternoon, actually a supervising deputy. Let's see if we can get it. Yeah. Here this morning. Michael Johnson. I'm after the warden. Excuse me. One of the many problems with petitioner's case is precisely what was just alluded to.  Um, where's one made. And when? Well, I don't know. Yeah, I think my opponent is right. Initially, the claim was made purely under state law into that, even though the federal district judge adopted a report that rejected a federal constitutional claim. Yes. Um, by the time that let me qualify that by the time petitioner got to federal court, a different federal claim had been raised. So, so a federal claim of actual innocence was raised or was not raised the second time around a Herrera claim was raised. First time, first time around in state court petitioner raises an actual innocence claim under state law. Right. Um, loses that claim in the California court of appeal goes to the California Supreme court and says the court of appeal decision, reversing the trial judge violated due process. And that's the claim that was brought to federal court. The first time. And the first time I'm just 2000, it comes to federal court. Is there a federal actual innocence claim made? It's certainly treated by the district judge. Is there one made or not? We think that it's, I acknowledge whether or not it was exhausted as a separate question. Yeah. I don't think there's an exhaustion problem here, but I think it's important to look at the law specifically in relation to 2244 B when we're talking about whether it's the same claim or not. So after, during the first federal habeas proceedings petitioner may raise this due process argument. In our answer, we said it looks a lot like just a straight actual innocence claim under Herrera. And we addressed it as such in our answer, the district judge then said, it looks to me a lot like a straight Herrera claim also. And to the extent you're trying to raise that I'm rejecting it for purposes of funding to 44 B the SOS statute, the second successive petition statute, a claim is essentially an aggregation of facts that give rise to some legal remedy. And it doesn't really matter how the legal aspect of the claim is characterized. That's what the case is. It doesn't really matter for 2254 B, whether they raised this claim before or not, does it? This is a second or successive petition. 2244 B the second successive petition statute. One element of that statute is if, if the petitioner is simply bringing the same claim again, you're out of court, right? There's no further, but the definition is if the petitioner is not bringing the same claim, then it must therefore be based on B one. Newly discovered evidence B two, that would have likely changed the verdict. That's exactly what they're saying is don't worry about the rest of 20 of 44 because we don't meet that. You don't have to worry about whether or not it's the same claim or a different claim. We concede. We don't meet that. We think we ought to be outside of it because of the nature of our client. So I think everybody in the courtroom, including your opponent agrees. This doesn't meet the statutory requirements for a second is successive. Maybe I'm speaking too soon for my colleagues, but at least on the face of the statute, it doesn't meet the requirements. Their argument is we get outside of them. So that's really what you need. I think that they dispute that this is the same claim, right? But it doesn't matter because even if it isn't the same claim, they don't meet the other part. Yes. And I think that that's yet another problem with their argument. I think the court's right to be concerned about the breadth of this claim. I mean, this is a very ambitious claim because if petitioner's right, petitioner's theory is that an actual innocence claim cuts through any procedural barrier. So we're, so we're really not just talking about the second or successive petition statute. We're talking about 2244 D the statute of limitations, 2254 B. I mean, I understand the breadth of your, your opponent doesn't back off from the breadth of her argument. She says I have an actual innocence claim that meets certain levels and you can fill out it, but it doesn't have anything to do with me. I get to make that claim to a federal judge. What's wrong with that argument? Well, so then the question is, why should that be the case? And this is, I think really where the argument breaks down is it's not really in that courts have consistently declined to recognize freestanding innocence as constitutionally cognizable. It's that even that wouldn't be enough because we know that it's perfectly constitutional to, um, for, for I'd better place limitations against running the bill, constitutional claims that happens every day. So what the claim really is, is the only way that they can prevail on this claim is if everything's different. Innocence is some sort of super constitutional claim that cuts through everything. There's nothing, excuse me. And to be fair, that's their argument. Their argument, when you boil it down is their argument is that this is special. That's right. No, the rules don't apply to this because it's special. You've got somebody in jail who didn't commit the crime. And the, the violation is not simply the trial, but the ongoing, which I think was going to be your argument. They don't have to have any other constitutional violation. Well, that's exactly right. It's a free standing claim. That's what they're saying. No, no doubt about that. And you, you might agree with that. If you knew we were about to execute somebody that everybody agreed with. Well, I think that the question is then why should this be that type of claim? There's, there's nothing in our jurisprudence analogous to that type of, of client. That's right. This is, yeah, it is a unusual, different client, but you, which has come up in some cases in, can you execute someone who was innocent if they can prove he was innocent? Well, that's that, that I'm going to, and I know the court doesn't like this answer, but I'm going to say that's not this case because this case, but that's what the argument is. And, you know, one thing to do is cut it off at capital punishment. Another thing is to apply it all the way. So, you know, it's an argument that you're right. It's not, it's different from all other arguments. Just the thing, not only is death different, but innocence is different. I mean, the answer may be no innocence is no different than anything else. Well, I think respectfully Herrera gives us the answer. Herrera says innocence is different, not in the way petitioner would contend, but then, but then it's, it's not a more potent type of claim. It's a more dubious type of, well, Herrera doesn't give us the answer. Does it? Herrera raises the question. Not correct. Herrera says the chief justice in that case says, I think he was chief justice. I'm not so sure there's a freestanding actual innocence claim. And I've got some arguments about why there's not, but I know the court split on this. So let's assume there is, and this is a death case. If there is, here are the standards for it. And this guy doesn't meet it. So let's assume Herrera applies here for a second. Does this guy meet it? No. And I, and I think at bottom, this case for that reason is, is really no different than the handful of other cases in which this court and the Supreme Court have, have confronted freestanding innocence claims and simply said, you know, whatever legal issues this might raise, we really don't need to confront them because the petitioner hasn't come close to meeting her. Herrera is an incredibly high standard. I think the cases that we've talked about in our briefs, House versus Bell, for example, Carriger versus Lewis, are really great benchmarks for illustrating just how high that is. House versus Bell is a case in which prosecution's case rested essentially entirely on DNA evidence and bloodstain evidence. Both of those forensic pieces of evidence were entirely discredited in the post-conviction proceedings. Supreme Court said, even that, even that standing alone probably wouldn't be enough to meet even the lower slump threshold of actual innocence. What the petitioner there had in addition was a credible third party confession by the victim's abusive husband. Supreme Court said, even that is not enough to meet the Herrera standard, but they did let the claim go through on the lower slump. Because it wasn't a second or successive one, am I right? The slump one avoided the one-year procedural bar? Yes. Well, that was, this was long before Perkins. Right, right. I think it was just a procedurally defaulted claim. Right. Yeah. So, Taylor's much the same, right? Excuse me? Taylor. Is, would you say Taylor? We, you threw in house. What about Taylor? Yeah, I, as I'm standing here, I can't recollect. Well, Taylor had all the witnesses at trial implicated the dependent. They subsequently recanted all of their testimony and it wasn't enough that some of the recantations were going to do it. And we said, no, you can't get there. That's right. I think, I think I'm thinking about cases, the Jones case. All right. You say Jones. I said, yes, I apologize. Yes, that's correct. All of the prosecution's witnesses in that case recanted here. Not only do we not have a recanting witness, we have a witness who came into the state court evidentiary hearing, looked at Holt and petitioner side by side and said, there's still no doubt in my mind. It's petitioner. What's, what's troublesome about this? I'm going to throw Holt's testimony out for a second, because at least in my mind, nobody's found him credible yet. We all know how unreliable from experience eyewitness testimony can be. I'm not saying it was unreliable in this case. We just don't know. And that's really the whole case here. The whole case is really eyewitness testimony. You've got an eyewitness who sticks to her story, but when you look at all the actual innocence cases that eventually result in exoneration, a large proportion of them have mistaken eyewitness identification, honestly mistaken eyewitness identification. So I don't know what to do about a case like this. I mean, I know the state courts have looked at it. I'm just, I'm not sure that anybody's really looked at the real and I'm not sure the other sides raised it other than just citing law review articles. They haven't shown up with an expert or, or somebody who can testify about it. They just cite you. And, you know, as federal judges, we read lots of law review articles and there, there are some use from time to time, but they're not evidentiary. But that's what troubles me about the case. I want to be honest with you. What troubles me about the case is it rests entirely on one eyewitness identification of somebody who was wearing a stocking mask at the time. And those, those are exactly the kinds of cases that result in the, in the conviction of innocent people. Well, let me push back just a little bit. I think that this is, first of all, I think that the eyewitness ID issue has been looked at. That was the issue at trial. Everybody agreed at trial. There's sufficient evidence to go to the jury. The jury believed her. There's no Jackson claim here. So I'm fine with that. The jury, there was a, there was a, there was a viewing, a jury viewing of the scene at nighttime. People were positioned where the shooter was and the victims were. So the jury was well aware of this and knew that eyewitness ID jury was entitled to believe it. I don't doubt that. Now the defense didn't call an eyewitness expert, which sometimes they do. That was their choice in this case. I don't know why they haven't, haven't presented one on in post conviction review proceedings. But the second thing I want to mention is I think that this is, this is an eyewitness ID case plus something, which is the defendant was arrested a block away, a couple of blocks away from the scene of the shooting within minutes of the shooting. The eyewitnesses had noticed the distinctive jacket he was wearing. And had their description of the jacket slightly different than the one he was wearing. The description was that it had some sort of sports logo on it. And the evidence of trial was he was wearing this type of Air Jordan jacket or whatever it was, Nike jacket, something like that. So I, I don't know that he was wearing the black jacket. Well, that was Holt's testimony. So Holt's testimony was, was inconsistent with the description given by the eyewitnesses, which is another reason why every judge to have looked at Holt's testimony has said. I mean, when he was arrested, do you have the logo on the track? Yes. Yeah. So, so the question I think at bottom is, is as the court has alluded to whether it's constitutional for Congress to draw these lines, every court to have addressed these constitutional challenges to Ed Puz limitations has said, yes, it is precisely because federal habeas doesn't play the central role in so far as state prisoners are concerned. The state court does. So it is constitutionally tolerable and reasonable at some point for Congress to draw the line and say, we leave these claims to be resolved by the state court. And this case is a perfect example. This is not a case about access to the courts to have a claim heard that nobody will listen to petitioner has had an evidentiary hearing in the state court. By my count, seven state court judges have looked at this. Can you address the first evidentiary hearing? I, I had the judge's transcript. He didn't make other findings separate from the transcript. I think, uh, if the court's alluding to the, to the, the sort of final series of questions to my opponent, I think what happened was, um, the judge essentially made this sort of 13th juror as he might well have done an emotion for a new trial, long preamble about how he doesn't trust any of the defense witnesses. And he specifically credits the, um, prosecution's eyewitness as credible. Um, he says she's honest. Yeah. So, so I thought, you know, I think, I think she believes in what she's saying. Yeah. Um, I believe what happened and I don't have the transcript here, um, in front of me, unfortunately, I'm sure my opponent will clarify this, but, uh, I believe what happened was the prosecutor then later, a couple of pages later, came back and said, can you just clarify? Because I, and I think this was very astute. He wasn't using the correct standard. And that's exactly what the California court of appeal ended up finding. Well, I guess my question to a simpler one, can I look to any place other than put aside his declaration, other than his statements at the time of the ruling to find out what the trial judge did? Did he make a formal set of findings of fact and conclusions? No, no, it's all in the record. And I think, I think if the court goes a couple of pages past, um, what was read earlier, um, it'll find that colloquy between the prosecutor and the court where the court sort of agrees. Okay. Yeah. I'm finding it under the state law standard, which he's then reversed on. Yeah. I see it. Ms. Barrett. So your basis is newly discovered evidence. And you feel that the newly discovered evidence points on erringly towards innocence. And he says, I do particularly considering the very thinness of the people's case. So why isn't that a finding of that, um, that meets the California standard of actual innocence? Well, the court of appeal, it's found that we're bound by the court of appeals. Finding court of appeal said, considering all the evidence together, that doesn't completely dismantle the prosecution's case and point unerringly to innocence, which is the California standard. So again, I, I think it is constitutional for Congress to draw these lines at some point, leave these questions to the state court. Um, and. You know, that the senators doesn't, doesn't like the result. He's getting there. It doesn't mean that this is unconstitutional or unfair. The claim has been heard. Thank you. Thank you. Thank you.   Thank you. Thank you. Thank you. A few points of, uh, clarification. So the portion that we're relying on for the innocence finding is the point that judge Hurwitz. Right. But that's a point that says that newly discovered evidence points on erringly towards innocence. And the court of appeals says, that's not true. You, you said you didn't believe the newly discovered evidence. So how can it point unerringly towards innocence? So I don't think that's what he said. The closest that judge Hoff comes to discrediting it says is that he says, I don't find any of petitioner's witnesses totally believable thing that you don't find somebody totally believable. And then going on to say, I do believe that all of the testimony of the defense witnesses does strongly point to a jury returning and not verdict and not guilty verdict. And therefore Mr. Morris is innocent. That to me suggests that what judge Hawk was finding was, yeah, there's reasons. There's concerns that I have about his testimony, but I do believe a point strongly towards his innocence and coupled with the very thinness of the prosecution's original case. I believe it points unerringly towards innocence. So I do think we have that finding here. I think if anything is entitled to deference, it would be the credibility and overall weight of the evidence given by the only state fact finder. Your problem is from my perspective, if you want to go back and give somebody deference, then we're stuck with the court of appeal, which is the last reason decision. Um, we can't, we can't look through the court of appeal. I should address this and said, you haven't shown actual innocence. Perhaps deference is not the right word. If we're to give anybody any opinion weight, as far as the district court's evaluation of affirmative proof of probable innocence, I think, well, why wouldn't we give the court of appeals? The court of appeals looked at all the evidence and said, here, given your findings judge, that's not enough. Why don't we give the court of appeal deference on that? Well, typically we find that the fact finder, just the same way that we respect a jury verdict, more than a court of appeal decision, questioning the people that were actually there. Right. And the credibility of the determination should be made by the person to take the evidence and view the demeanor to the extent and reverses that line of thinking by saying, because of issues of comedy and whatever else we defer to the highest state court reason decision. I don't think that would apply, but the common sense principles of deferring to the person that actually heard the evidence that I don't find to be problematic. Well, about what you're saying is that the court of appeal erred in not deferring to the trial judge. Right. I think that is that an error of constitutional dimension. I don't think the state court's misapplication of state law is a constitutional violation in and of itself. I don't, I think it's problematic and it's part of what makes this case so troubling is that the only fact finder to evaluate all of the evidence, somebody that was a judge for 21 years and granted new trials and only two cases, not only found that the newly discovered evidence pointed unerringly towards innocence, but went on to continue to support the petitioner even 20 years later in his federal claims. This is an extraordinary case. And I think that the comparison to the cases, uh, discussing this standard only highlights that our showing is so much higher in house view bell. There, the, there was blood found on his pants that didn't match him. There was physical evidence tying that person to the crime here. There was none. There was no, I mean, and maybe the answer to this before. So what was your showing? I mean, you're showing didn't undermine the, the witness, the witness stuck to her, her testimony. And the judge said, I think she believes what she's saying. You're showing was Mr. Holt. Wasn't it? I think that can't be taken in isolation. Well, tell me what else. What else? There's no physical evidence. There's no gunshot residue test. There was no fingerprint analysis on the bullet point casings. There wasn't any at the beginning. So you don't have any, you're talking about affirmative evidence. You said it before you have to make a show and you have to make an affirmative showing of innocence. So it, and maybe this is the answer is yes, but isn't your affirmative showing of innocence entirely dependent on Mr. Holt and perhaps Mr. Morgan and Mr. Davis. So Claude Davis, Harlan Morgan and Howard Holt would be the universe of evidence that wasn't considered at trial. And so I would consider that to be, and of those, of those, the only person that actually testifies as to innocence is Mr. Holt test testifies versus declaration. Well, or it gives evidence of innocence. The other two simply support Mr. Holt's testimony. I don't think that's true because Mr. Morgan was the person that was arrested with Mr. Morris at the time. And so he has no idea about Holt or what he did or didn't do his testimony. So it's Mr. Davis who supports Mr. Morgan independently corroborates that him and Mr. Morris were at a party that ran out of alcohol. And so they were driving around the neighborhood trying to find an open liquor store and they got pulled over. At the place that they got pulled over that neither one of them committed any crime. So that is also affirmative evidence that Mr. Morris didn't do it. But once you make that first threshold showing, then I think the case law is clear that you need to look at the entirety of the case. And so when we look at that, that there was no, no motive, this was, you know, a seemingly random crime where he is trying to find alcohol for a party and it's out of a car and opens fire on a group of strangers for no reason. The fact that the judge asked the prosecution to consider dismissing its case halfway through because the theory of the case changed. The fact that the only person that was able to identify him was being shot at, saw him for mere seconds through a stocking mask from 30 feet away. On top of that, there was, I mean, there's just a lot of evidence to show that this was, sorry, and getting back to the jacket point, every witness except Ms. Correa testified that the person they saw that night was wearing a long knee-length black jacket. So that includes two members of the Flores family, as well as Levin Cartaya testified to that. The only person that claimed that she saw the sports jacket was Correa. And again, at the time she testified at trial, she had seen him at the show up at a lineup at the preliminary hearing. So, you know, I think her testimony on that point, it may be sincere, but that's not to say that it's accurate, particularly when we do have this conflicting testimony about what the shooter was actually wearing the night of the crime. So, you know, on the facts, I think our showing is much stronger just compared to any of the other cases in Carriager. There was fingerprints that were left on the scene of the crime that matched the perpetrator. He took the day off work, the day of the murder. He admitted to purchasing a gun for the person that he claimed committed the crime. The person that eventually took said, I'm the one that did it, then recanted his confession subsequently. And even under those facts, that was enough for a slope gateway showing our facts here are exponentially higher. The question is whether we've affirmatively proved that he's probably innocent. So do you win on these facts in the district court? I'm still coming back and I'm trying to envision how these claims work. You bring this case to the district court. The district judge is probably not allowed to have an evidentiary hearing. Maybe he is, but let's assume he doesn't. He looks at this record and does he say you get relief or you don't get relief? He must, in your view on this record, a district judge must conclude that you get relief. I think so. I think that the showing we've made here meets the legal standard as far as, and that, that you should, the rich should issue unconditionally. Yeah. That's our position. Is that based on the standard being that he's probably innocent? Yeah. Affirmative proof that he's probably in. So, so the district judge grant him a new trial. That's what I was asking. If a judge thinks he's probably innocent, does he get a new trial or does he get the red? All right. Unconditional red. That's a tough question. I think I thought so too. What's the answer? I think if you have a judge examining all of the evidence and finding that somebody is affirmatively innocent, probably a preponderance standard is innocent that the state probably can't retry a person that's been legally found to be probably more likely than not innocent. So I think probably the writ would issue unconditionally unless there was some other exceptional circumstance or new evidence that was developed. Thank you. Thank you. Very much. We'll be submitted.
judges: Reinhardt, Smith, Hurwitz